T.C. Memo. 2008-267

UNITED STATES TAX COURT

JAMES M. AND CHAU L. SHERMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6705-06.                     Filed December 1, 2008.

<u>Paul J. Peter</u>, for petitioners.

<u>Albert B. Kerkhove</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:   Respondent determined a $2,181 deficiency
in petitioners' 2003 Federal income tax.  The parties submitted
this case fully stipulated pursuant to Rule 122.[1]  When they

---

[1] All Rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the taxable year at issue.

petitioned the Court and at all other times relevant to this proceeding, petitioners resided in Vietnam.

## Background

On their 2003 Federal income tax return as originally filed, petitioners reported taxable income of $120,174 and claimed a foreign tax credit of $23,829 against reported U.S. income tax liability of the same amount, resulting in zero tax due. Petitioners reported no alternative minimum tax (AMT) liability.

In the notice of deficiency respondent determined, on the basis of the taxable income that petitioners had reported on their return, that they owed AMT of $2,181 after allowance of a $19,626 foreign tax credit as limited by section 59(a)(2). Subsequently, petitioners filed an amended 2003 Federal income tax return reporting a $3,526 decrease in their originally reported taxable income and a resulting $90 decrease in the $2,181 of AMT respondent previously determined. On their amended return petitioners also claimed $3,130 as "Estimated tax payments, including amount applied from prior year's return", resulting in a claimed overpayment of $949.

## Discussion

The petition broadly asserts that respondent has erred in determining a deficiency, has improperly computed AMT, has failed "to reconcile past payments to satisfy obligations that may have existed for the year in question", and has provided petitioners

"conflicting information" as to their tax liability. Contrary to Rule 34(b)(5), however, the petition contains no clear statements of facts on which these assignments of error are based.[2] Petitioners having filed no brief, we are left in doubt as to the exact nature and basis of their claim for relief.

On brief respondent construes petitioners' claims as challenging the operation of section 59(a)(2) in limiting their foreign tax credit for purposes of calculating AMT.[3] If that is the basis of their claims, it would appear contrary to petitioners' reporting position on their amended tax return wherein they appeared to accept respondent's AMT computation except for a small reduction that they showed as resulting from a decrease in their taxable income that they also reported on their amended return but have not pursued in this proceeding. In any event, we find no basis in the record for concluding that respondent erred in applying section 59(a)(2)(A) in computing

---

[2] The petition asserts as the facts upon which petitioners rely that respondent's alternative minimum tax (AMT) computations for the year at issue relate back to similar disputes for earlier years, that petitioners have computed AMT correctly for all years, that they have received conflicting information from respondent in this regard, and that they have requested a collection hearing pursuant to sec. 6330 for unspecified years.

[3] Sec. 55(a) imposes AMT in an amount equal to the excess, if any, of the "tentative minimum tax" for the taxable year over the taxpayer's "regular tax" for that year. That excess amount is paid in addition to any regular tax owed. Noncorporate taxpayers may reduce their tentative minimum tax by a foreign tax credit that generally is limited to 90 percent of the tentative minimum tax. Secs. 55(b)(1)(A), 59(a)(2)(A).

petitioners' AMT.  See <u>Pekar v. Commissioner</u>, 113 T.C. 158, 160-161 (1999); <u>Kappus v. Commissioner</u>, T.C. Memo. 2002-36, affd. 337 F.3d 1053 (D.C. Cir. 2003).

On brief respondent construes petitioners' claims as also seeking a carryover of unused foreign tax credits pursuant to section 904(c).  Respondent contends that petitioners have failed to substantiate entitlement to any such carryover.  We agree.

Insofar as petitioners mean to claim entitlement to an overpayment, they have put forward neither argument nor evidence to support it.  Moreover, petitioners' allegation that respondent has provided them "inconsistent information" presents no cognizable basis for relief.

<u>Decision will be entered for respondent</u>.